**STATE OF LOUISIANA ex rel.
Joseph VALCOUR**

v.

**J. Wayne ALLGOOD, Warden, et al.**

**Misc. No. 885.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 1, 1966.

Joseph Valcour, in pro. per.

Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge.

Petitioner, Joseph Valcour, seeks the issuance of a writ of habeas corpus, alleging that the conviction resulting in his present incarceration in Louisiana State Penitentiary was obtained by the fruits of an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution. On November 30, 1960, petitioner pleaded guilty to the crime of armed robbery and was sentenced to serve three years at the Louisiana State Penitentiary at Angola, Louisiana. He does not complain of this conviction or sentence. Thereafter, upon entering a plea of not guilty, he was tried before a jury and convicted on a charge of illegal possession of narcotics. He appealed this conviction to the Louisiana Supreme Court, which Court, on February 23, 1965, affirmed the conviction. He was then charged, under Louisiana law, as a multiple offender and sentenced to serve ten years at Louisiana State Penitentiary. It is the conviction on the narcotics charge which led to the sentence as a multiple offender that petitioner now complains of. He asserts that this conviction resulted from illegally obtained evidence being used against him during his trial. Prior to the filing of

the present application for habeas corpus, petitioner exhausted all available state court remedies, and thus this matter is properly before this Court.

A study of the transcript of the state court proceedings, with which this Court has been furnished a copy, reveals the following facts. The police, for good and probable cause, were looking for the petitioner and one Wanda Palmer for burglary. They went to Wanda Palmer's apartment where, after identifying themselves, they were admitted to the apartment by Wanda's grandmother. After being informed by the grandmother that the petitioner and Wanda Palmer were in an adjoining room the officers knocked on the door and identified themselves. When Wanda Palmer opened the door, the officers noticed that she had a hypodermic needle in her hand and that the petitioner had a handkerchief in his hand. Both parties had fresh needle marks on their arms. The officers seized both the needle and the handkerchief and booked the petitioner and Wanda Palmer both on a burglary charge and also on a charge of illegal possession of narcotics. Prior to his state court trial on the narcotics charge, the petitioner, through his attorney, filed a motion to suppress the needle and handkerchief, which motion the state court, after an evidentiary hearing, denied.

The petitioner now claims that the search was invalidated because it revealed an additional and different offense, i. e., possession of narcotics, which offense had nothing to do with the burglary charge which the officers had originally sought to investigate. He does not complain of the arrest or subsequent search insofar as it relates to the crime of burglary.

■ It is well settled that evidence seized in a valid search need not have any relation to the crime for which the person is arrested. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, rehearing denied, 331 U.S. 867, 67 S.Ct. 1527, 91 L.Ed. 1871 (1947); Collins v. United States, 289 F.2d 129 (CA 5, 1961); United States ex rel. Boucher v. Reincke, 341 F.2d 977 (CA 2, 1965). In Harris v. United States, supra, the Supreme Court stated:

"Nor is it a significant consideration that the draft cards which were seized were not related to the crimes for which petitioner was arrested. Here during the course of a valid search the agents came upon property of the United States in the illegal custody of the petitioner. It was property to which the Government was entitled to possession. In keeping the draft cards in his custody petitioner was guilty of a serious and continuing offense against the laws of the United States. A crime was thus being committed in the very presence of the agents conducting the search. Nothing in the decisions of this Court gives support to the suggestion that under such circumstances the law-enforcement officials must impotently stand aside and refrain from seizing such contraband material. If entry upon the premises be authorized and the search which follows be valid, there is nothing in the Fourth Amendment which inhibits the seizure by law-enforcement agents of government property the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated."

■ It is thus apparent that the officers in the present case were justified in seizing the needle and handkerchief, and the state court properly denied petitioner's motion to suppress this evidence at his trial on the narcotics charge. There being no other question presented by this application, and there being no need for an evidentiary hearing herein, petitioner's application for the issuance of a writ of habeas corpus must be denied.